UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISA DAWN APARTMENTS INC.                         07 CV 7137 (CLB)

          Plaintiff,                            **ANSWER**

    -against-

TRAVELERS EXCESS AND SURPLUS LINES
COMPANY

          Defendant.

---

Defendant Travelers Excess and Surplus Lines Company ("Travelers") by and through its attorneys, Lazare Potter Giacovas & Kranjac LLP, hereby answers Plaintiff Lisa Dawn Apartments Inc.'s ("Plaintiff" or "Lisa Dawn") Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 4 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that Travelers is a foreign corporation organized, formed and incorporated under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits that Travelers is authorized to issue policies of insurance in the State of New York.

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

4. Repeats and realleges each and every response contained herein to the paragraphs of the Complaint realleged in paragraph 5 thereof.

5. Denies the allegations contained in paragraph 6 of the Complaint, except admits that Travelers issued policy number KTQ-CMB-296T361-2-05 ("the Policy") to the National Association of Property Owners ("NAPO"), with a policy period of February 1, 2005 to February

1, 2007, and respectfully refers the Court to the Policy for its full terms, conditions, endorsements, limitations, exclusions and any effect thereof.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

7. Denies the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff submitted a claim to Travelers seeking to be indemnified under the Policy in connection with an alleged July 16, 2005 fire at 200 West 113 Street, New York, New York ("the Loss").

8. Denies the allegations contained in paragraph 9 of the Complaint, except admits that Travelers has properly and justifiably declined, and again hereby so declines, to indemnify Plaintiff in connection with the damages or costs alleged in the Complaint.

9. Denies the allegations contained in paragraphs 10 and 11 of the Complaint.

## AS AND FOR A FIRST DEFENSE

10. Plaintiff has failed to state any claim or cause of action for which relief can be granted.

## AS AND FOR A SECOND DEFENSE

11. Plaintiff is estopped from asserting any claims and its claims are barred, upon information and belief, by unclean hands, laches, waiver, estoppel and/or the statute of limitations.

## AS AND FOR A THIRD DEFENSE

12. Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

## AS AND FOR A FOURTH DEFENSE

13. Upon information and belief, Plaintiff failed to mitigate its alleged damages.

## AS AND FOR A FIFTH DEFENSE

14. The Policy's Property Coverage Form covers only "direct physical loss or damage" to "Covered Property" caused by or resulting from a "Covered Cause of Loss" (as those terms are described in said Policy). Plaintiff's claims should be dismissed because and to the extent they seek recovery with respect to something other than "direct physical loss or damage" to "Covered Property" or with respect to something other than a "Covered Causes of Loss" as those terms are described in the Policy. For example, the property at issue did not sustain "direct physical loss or damage." Nor was any alleged property damage at issue here caused by a "Covered Cause of Loss." Upon information and belief, the alleged property damage at issue -- loss to the building's gas system -- was not caused by any "direct physical damage." Indeed, upon information and belief, the portion of the building's gas system at issue sustained no physical damage. Thus, Plaintiff's claims should be dismissed because the amounts demanded are beyond said coverage provision(s).

## AS AND FOR A SIXTH DEFENSE

15. The Policy, under its language and applicable law/public policy, does not and cannot cover any pre-existing loss or damage. Upon information and belief, some or all of the alleged damages here at issue fall within this category and cannot be covered.

## AS AND FOR A SEVENTH DEFENSE

16. The Policy's Property Coverage Form states that Travelers will not pay for loss or damage caused by or resulting from the following:

ORDINANCE OR LAW

3

>The enforcement of any ordinance or law:
>
>(1)   Regulating the construction, use or repair of any property; or
>
>(2)   Requiring the tearing down of any property, including the cost of removing its debris;
>
>except as provided in the Covered Costs and Expenses, item B.2.f. Ordinance or Law.
>
>The Ordinance or Law exclusion applies whether the loss results from an ordinance or law that is enforced even if the property has not been damaged; or from the increased costs incurred to comply with an ordinance or law in the course of construction, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

17.   Plaintiff's claims are not covered under the Policy because and to the extent that they fall within the above exclusion. Thus, there is no coverage under the Policy because and to the extent that the loss or damage at issue was caused by or resulted from the alleged enforcement of an ordinance or law "[r]egulating the construction, use or repair of any property" or [r]equiring the tearing down of any property …" Nor is the loss or damage at issue included in the Ordinance or Law coverage section referenced above. Accordingly, Plaintiff is not entitled to the relief it seeks.

## AS AND FOR AN EIGHTH DEFENSE

18.   Section B.2.f. of the Policy's Property Coverage Form sets forth the Ordinance or Law coverage. Plaintiff is not entitled to any payments beyond that permitted under terms, conditions, limitations, exclusions and procedures set forth in said Ordinance or Law coverage section. Thus, Plaintiff's claims should be dismissed because and to the extent that the loss or damage at issue does not fall under (or is otherwise precluded by) the Policy's Ordinance or Law coverage section.

AS AND FOR A NINTH DEFENSE

19. The Policy's Property Coverage Form also states that Travelers will not pay for loss or damage caused by or resulting from any of the following:

    b. Indirect or remote loss or damage; delay, loss of use or loss of market; or interruption of business;

    c. (1) Wear and tear or depletion;
        (2) Rust, corrosion, erosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in the property that causes it to damage or destroy itself;
        (3) Settling, cracking, shrinking, bulging or expansion;
        (4) Nesting or infestation or discharge or release of waste products or secretions, by insects, birds, rodents or other animals;
        (5) Mechanical or machinery breakdown, including rupture or bursting caused by centrifugal force; and
        (6) The following causes of loss to personal property:
            (a) Dampness or dryness of atmosphere;
            (b) Changes in or extremes of temperature;
            (c) Changes in flavor, color, texture or finish; and
            (d) Contamination, evaporation or leakage.

However, in the event an excluded cause of loss that is listed in 2.c.(1) through (6) above results in a "specified cause of loss", the Company will pay for the loss or damage caused by that "specified cause of loss".

20. Plaintiff's claims should be dismissed because and to the extent they fall within any of the above exclusions, or within any other policy exclusion. For example, upon information and belief, the loss or damage at issue was caused by "[i]ndirect or remote loss or damage," "wear and tear or depletion," and/or "deterioration." For these additional reasons, Plaintiff is not entitled to the relief it seeks.

AS AND FOR A TENTH DEFENSE

21. Under its terms, the Policy does not apply to loss or damage caused by or resulting from any of the following:

    b. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

5

   c. Faulty, inadequate or defective:
     (1) Planning, zoning, development, surveying, siting;
     (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
     (3) Materials used in repair, construction, renovation or remodeling, or
     (4) Maintenance;

  of part or all of any property on or off an insured premises.

  However, in the event an excluded cause of loss that is listed in 3.a through 3.c above results in covered cause of Loss, the Company will be liable only for such resulting loss or damage.

  22. Plaintiff's claims should be dismissed because and to the extent they fall within any of the above exclusions, or within any other policy exclusion. For example, the loss or damage at issue is not covered because and to the extent that it was caused by "faulty, inadequate or defective … Maintenance" of the building's gas system. For this additional reason, Plaintiff is not entitled to the relief it seeks.

AS AND FOR AN ELEVENTH DEFENSE

  23. To the extent that Plaintiff is seeking any Ordinance of Law Coverage, any such coverage does not apply to:

   (a) "Vacant" properties;

   (b) Any loss due to the Insured's failure to comply with any ordinance or law that the Insured was required to comply with before the loss, even if the Covered Property was undamaged; and

   (c) Costs associated with the enforcement of any ordinance or law that requires the Insured or others to test or monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants."

  24. Thus, any such claims should be dismissed because and to the extent they fall within any of the above provisions. Travelers reserves all of its rights in this regard.

## AS AND FOR A TWELFTH DEFENSE

25. The Policy's Property Coverage Form also states that Travelers will not pay for loss or damage caused by or resulting from any of the following:

> GOVERNMENTAL ACTION
>
> Seizure or destruction of property by order of governmental authority except as provided for under the Covered Costs and Expenses, Section B.2.f. Ordinance or Law.
>
> But the Company will pay for loss or damage caused by or resulting from acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread, if the fire would be covered under this Coverage Form.

26. Plaintiff's claims should be dismissed because and to the extent they fall within any of the above exclusion, or within any other policy exclusion. Travelers reserves all of its rights in this regard.

## AS AND FOR A THIRTEENETH DEFENSE

27. The complaint should be dismissed to the extent it concerns or relates to any alleged circumstances, accidents, losses, occurrences or damages that took place outside of the policy period of the Policy or any other relevant insurance policy issued by Travelers or any other related or affiliated entity. Also, this action should be dismissed to the extent the alleged accidents, losses, events, occurrences or damages took place at a location or premises not covered by the Policy or any other relevant insurance policy issued by Travelers or any other related or affiliated entity.

## AS AND FOR A FOURTEENTH DEFENSE

28. Plaintiff's claims are barred in whole or in part by the terms, exclusions, conditions, definitions and limitations in the Policy or any other relevant policy issued by Travelers or any other related or affiliated entity that could be applicable to this claim.

## AS AND FOR A FIFTEENTH DEFENSE

29. Any coverage afforded by the Policy or any other policy issued by Travelers or any other related or affiliated entity would be subject to any and all limits, deductibles, retained limits, retentions, self insured retentions and/or other limits as stated in any such policy.

## AS AND FOR A SIXTEENTH DEFENSE

30. Under the Policy or any other policy issued by Travelers or any other related or affiliated entity, Plaintiff's action should be dismissed because of its failure, any claimed insured's failure and/or any party's failure to fully comply with all the terms of any said policies including, but not limited to, notice, assistance and cooperation.

## AS AND FOR A SEVENTEENTH DEFENSE

31. Under any circumstances, Plaintiff is not entitled to payment beyond that permitted by the terms, conditions and procedures set forth in the "Loss Payable Provisions" of the Policy.

## AS AND FOR AN EIGHTEENTH DEFENSE

32. The Policy's Business Income Coverage Form specifically describes the extent to which Business Income and/or Rental Value is included under the coverage form. Plaintiff's claims should be dismissed if and to the extent they seek any amounts of Business Income and/or Rental Value beyond that described in said provision.

## AS AND FOR A NINTEENTH DEFENSE

33. There is no coverage with respect to any claimant who is not an insured under the Policy in connection with the claims at issue.

## AS AND FOR A TWENTIETH DEFENSE

34.    Travelers and any other relevant, related or affiliated entity reserves the right to assert additional defenses (policy based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

**WHEREFORE**, Defendant Travelers Excess and Surplus Lines Company demands judgment as follows:

- a. declaring that Defendant Travelers Excess and Surplus Lines Company has no obligation to indemnify and/or has no other obligation to Plaintiff or any other relevant party herein;

- b. otherwise dismissing the Complaint in its entirety with prejudice;

- c. awarding Defendant Travelers Excess and Surplus Lines Company its expenses, costs and reasonable attorneys fees;

- d. awarding Defendant Travelers Excess and Surplus Lines Company such other and further relief as the Court otherwise deems, just and proper.

Dated: New York, New York
September 24, 2007

LAZARE POTTER GIACOVAS
& KRANJAC  LLP

By:    s/    Andrew M. Premisler
       Stephen M. Lazare (SL-2243)
       Andrew M. Premisler (AP-0811)
950 Third Avenue
New York, New York  10022
(212) 758-9300
apremisler@LPGK.com
slazare@LPGK.com
Attorneys for Defendant Travelers Excess
and Surplus Lines Company

TO: Jonathan D. Abraham, Esq.
Abraham, Lerner & Arnold, LLP
292 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 686-4655
Attorneys for Plaintiff